UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 17, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Robert B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2411-BAH

Dear Counsel:

On September 22, 2022, Plaintiff Robert B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10), the parties' dispositive filings (ECFs 14 and 16), and Plaintiff's reply (ECF 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on June 14, 2019, alleging a disability onset of January 15, 2018. Tr. 210–25. Plaintiff's claims were denied initially and on reconsideration. Tr. 128–33, 137–40. On November 9, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 39–81. Following the hearing, on February 11, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 18–38. The Appeals Council denied Plaintiff's request for review, Tr. 6–12, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

---

[1] 42 U.S.C. §§ 301 et seq.

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2018, the amended alleged onset date." Tr. 24. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "ischemic heart disease, cardiomyopathy, congestive heart disease, and hypertension." *Id*. The ALJ also determined that Plaintiff suffered from the non-severe impairment of "substance abuse disorder." *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 26. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Function by function, the claimant can lift and carry 20 pounds occasionally and less than 10 pounds frequently, as well as stand and walk for 6 hours in an 8 hour day and sit for 6 hours in an 8 hour day. The claimant can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds). The claimant needs to avoid all hazards. The claimant can perform jobs that require frequent exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas.

*Id*. The ALJ found that Plaintiff was unable to perform any past relevant work but could perform light work as a checker (DOT[2] #222.687-010), a routing clerk (DOT #222.587-038), and a housing cleaner (DOT #323.687-014). Tr. 32. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

### III. LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)).

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

## IV. ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ erred at step three by failing to properly evaluate whether Plaintiff's impairments met or equaled Listing 4.02. ECF 14, at 9–22. Second, Plaintiff avers that the ALJ's RFC determination is unsupported by substantial evidence. *Id.* at 23–30. Specifically, Plaintiff avers that the ALJ failed to provide a "logical bridge" between the evidence and the ALJ's conclusions that Plaintiff could stand and walk for six hours during a workday, lift/carry 10 pounds frequently, and lift/carry 20 pounds occasionally. *Id.* at 26. Plaintiff avers that this error was harmful because, had Plaintiff been found capable of only sedentary work, as opposed to light work, the ALJ would have been required to find him disabled. *Id.* at 28–30. Defendant counters that: (1) substantial evidence supported the ALJ's conclusions that Plaintiff did not satisfy the criteria relevant to Listing 4.02; and (2) the ALJ's determination that Plaintiff could perform light work with certain limitations was supported by substantial evidence. ECF 16, at 5–19.

A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed at 20 C.F.R. §§ 404.1545(b) and 416.945(b), which include "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that may reduce [a claimant's] "ability to do past work and other work." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179).

As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). "Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

*Robert B. v. Kijakazi*
Civil No. 22-2411-BAH
August 17, 2023
Page 4

As an initial matter, the ALJ's evaluation of Plaintiff's abilities to stand and walk were supported by substantial evidence. The ALJ considered the opinions of two state agency medical consultants—Dr. Najar and Dr. Robbins—in assessing these functions. Tr. 29–31. While Dr. Najar opined in 2019 that Plaintiff could stand and/or walk for a total of two hours in an eight-hour workday, Tr. 29, Dr. Robbins opined in 2020 that Plaintiff could stand and/or walk for about six hours in an eight-hour workday. Tr. 30. The ALJ found Dr. Robbins's finding regarding this function to be more persuasive based on the evidence of record. *Id.* In so doing, the ALJ cited ample evidence to support his conclusion that the "the results of musculoskeletal/neurological examinations . . . fail to detect any significant weaknesses in the upper/lower extremities, loss of range of motion, or sensory/motor deficits" and therefore fail to support a finding that Plaintiff "can only stand/walk 2 hours in an 8-hour workday." *Id.* (citing Exhibits 1F, 4F, 6F, 7F, 9F, 11F, 12F, and 13F). Given this, the ALJ provided the requisite "logical bridge" from the evidence to his conclusions regarding Plaintiff's abilities to stand and walk. *Woods*, 888 F.3d at 694 (quoting *Monroe*, 826 F.3d at 189).

The ALJ failed to provide a similarly adequate explanation for his conclusions regarding Plaintiff's abilities to lift and carry. The ALJ found Dr. Najar's 2019 opinion that Plaintiff could "occasionally" and "frequently" lift and/or carry 10 pounds to be unpersuasive because of its "inconsisten[cy] with the evidence." Tr. 30, 87–88, 96. However, the ALJ was persuaded by the 2020 opinion of Dr. Robbins, who opined that Plaintiff could occasionally lift 20 pounds and could frequently lift 10 pounds, Tr. 30–31, 110, 120, and crafted the RFC accordingly.[3] Tr. 26. The ALJ reasoned that Dr. Robbins's proffered exertional limitations were "consistent with the evidence." Tr. 31. However, the ALJ provided no explanation of how Plaintiff's ability to occasionally lift 20 pounds, as opposed to 10 pounds, was more consistent with the evidence in this case. This omission constitutes error.

SSA regulations require an ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7; *see also Ross v. Colvin*, No. 4:12-CV-283-Y, 2013 WL 5423980, at *3 (N.D. Tex. Sept. 27, 2013) ("[T]he ALJ must resolve any inconsistencies in the record [and] explain why functional limitations can or cannot be reasonably accepted as consistent with medical or nonmedical evidence[.]") (citing SSR 96–8p, 1996 WL 374184, at *7). Here, the ALJ apparently determined that Dr. Robbins's assessment of Plaintiff's lifting and carrying abilities was consistent with the rest of the evidence in this case, whereas Dr. Najar's assessment of these abilities was not. But the ALJ provided no explanation for this conclusion. Nor did the ALJ evaluate—or even cite—other evidence related to Plaintiff's abilities to lift and carry. Instead, the ALJ cited Plaintiff's hearing testimony in which Plaintiff noted that "lifting and carrying even minimal weight . . . make him fatigued and winded." Tr. 27. The ALJ then noted that "[d]espite [Plaintiff's] allegations [that] his impairments cause debilitating functional limitations, . . . he is able to care for his personal needs, go grocery shopping and attend his medical appointments." *Id.* But this

---

[3] The ALJ states at step four that Plaintiff is unable to perform past relevant work because the RFC "limits h[im] to lifting, carrying, pushing and pulling up to 20 pounds occasionally and 10 pounds frequently[.]" Tr. 31. But the RFC contains no limitations related to pushing or pulling. Tr. 26.

analysis, which appears to be directed at Plaintiff's limitations in general (as opposed to specific limitations), sheds no light on whether Plaintiff's statement regarding his lifting and carrying abilities was credible. Because of these omissions, the ALJ's decision lacks a "logical bridge" linking record evidence to the RFC limitations regarding Plaintiff's carrying and lifting abilities. *Woods*, 888 F.3d at 694 (quoting *Monroe*, 826 F.3d at 189). Remand is therefore warranted.[4]

The ALJ's failure to adequately assess Plaintiff's abilities to lift and carry was not without consequence. If the ALJ had instead determined that Plaintiff could lift "no more than 10 pounds at a time," (as Dr. Najar opined), a sedentary-work designation would have been appropriate. *See* 20 C.F.R. §§ 404.1567, 416.967. Plaintiff explains in his brief that, had the ALJ had found him capable of only sedentary work, the ALJ would have been constrained by the Medical-Vocational Guidelines to find Plaintiff disabled based on his education, age, and work experience. ECF 14, at 28–30 (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 201.12). For that reason, this is not a case where the claimant has failed to demonstrate how the outcome might differ on remand, and accordingly, the ALJ's error was not harmless. On remand, the ALJ should thoroughly discuss how the evidence supports Plaintiff's abilities to lift and carry at both the sedentary and light exertional levels. The ALJ should also explain their resolution of any inconsistencies in the evidence related to this issue.

Because this case is being remanded on other grounds, I need not address Plaintiff's argument that the ALJ erred at step three. The ALJ is welcome to consider this argument on remand and make any required adjustments to the opinion. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

V.  **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[4] The ALJ's ample consideration of Plaintiff's abilities to stand and walk, as discussed above, does not alter the analysis. As SSR 96-8p makes clear, "[e]ach function must be considered separately" in assessing a claimant's RFC. SSR 96–8p, 1996 WL 374184, at *5.